## UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

CHAMBERS OF

SUSAN K. GAUVEY

U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET

BALTIMORE, MARYLAND 21201

MDD_skgchambers@mdd.uscourts.gov

(410) 962-4953

(410) 962-2985 - Fax


January 10, 2014

Richard P. Neuworth, Esq.
Lebau and Neuworth PA
606 Baltimore Avenue, Suite 201
Baltimore, MD 21204

Devan Michael Wae Wang, Esq.
Lebau and Neuworth LLC
606 Baltimore Avenue, Suite 201
Towson, MD 21204

John Ritchie Solter, Jr.
Azrael, Franz, Schwab,
 and Lipowitz LLC
101 E. Chesapeake Avenue, Fifth Floor
Baltimore, MD 21286

    RE:   Deborah Amrhein et al. v. Regency Management Services, LLC, No., SKG-13-1114

Dear Counsel,

    I have reviewed the Joint Motion for Approval of Settlement Agreement. (ECF No. 30). I deny the motion without prejudice and instruct counsel to file an amended and supplemental motion within 14 days, as counsel has not provided sufficient information for the Court to exercise its review function.

    When considering FLSA settlement agreements, district courts in the Fourth Circuit generally follow the reasoning in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). Saman v. LBDP, Inc., No. DKC 12-1083, 2013 U.S. Dist. LEXIS 83414 (D. Md. June 13, 2013). There, the court found that an FLSA settlement should generally be approved if it reflects a

1


"fair and reasonable resolution of a bona fide dispute over FLSA provisions." <u>Lynn's Food Stores</u>, 679 F.2d at 1355. As such, parties requesting approval of a proposed settlement must "provide enough information for the court to examine the bonafides of the dispute." <u>Kianpour v. Rest. Zone, Inc.</u>, No. DKC 11-0802, 2011 U.S. Dist. LEXIS 127865 (D. Md. Nov. 4, 2011).

    Here, the parties' motion gives only a brief and bare description of the dispute. The parties note that in coming to the settlement agreement they "have taken into account the substantial difficulty in accurately calculating Claimants' hours worked each week and exact damages." (ECF No. 30, 3). They also reference the "uncertainty and risks of litigation, as well as the costs that each party will incur if the litigation continues." (<u>Id.</u>). They provide no other information, however, regarding the nature of the dispute or the respective positions of either side.

    This is insufficient. While the motion suggests that the computation of hours worked or overtime pay is at issue, it is silent as to the parties' respective calculations and computations, such as the number of hours worked, minimum wage deficiency, and overtime due. <u>See</u> <u>Kianpour</u>, 2011 U.S. Dist. LEXIS 127865 at *7 ("If the parties dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage."). While the submitted confidential settlement agreement provides the settlement amount for each of the three "plaintiffs," the parties have provided no context for these settlement numbers – no way for the Court to determine whether these are reasonable settlement amounts. No information is provided as to job title, length of employment, etc. Further, defendant has not articulated its reasons for disputing the claimant's entitlement to the wages at issue. (<u>Id.</u>). Without this information, the Court cannot ensure that the employer does not "extract a disproportionate discount on FLSA wages in exchange for an attenuated defense to payment." (<u>Id.</u>).

    This omission is particularly troubling given that none of the three claimants here are party to this (or seemingly any other) FLSA lawsuit. As courts often look to the pleadings, along with other court filings, to establish the existence of a bona fide dispute, this leaves a genuine question as to whether this dispute is "bona fide" for purpose of an FLSA settlement analysis. <u>See</u> <u>Saman v. LBDP, Inc.</u>, No. DKC 12-1083, 2013 U.S. Dist. LEXIS 83414 (D. Md. June 13, 2013)("[T]he pleadings, along with the parties' representations in subsequent court filings, establish that a bona fide dispute exists as to Defendants'

liability under the FLSA."); Lomascolo v. Parsons Brinckerhoff, Inc., No. 08-cv-1310, 2009 U.S. Dist. LEXIS 89136 at *16-17.  As such, the Court requires further elaboration from the parties regarding how this settlement relates to the lawsuit under which this motion was filed.

In addition, further information is necessary to support the agreed-to attorney's fees amount.  The Court must independently assess the reasonableness of the fee award proposed.  Kianpour, 2011 U.S. Dist. LEXIS 127865 at *3.  Here, the settlement agreement states the total amount of attorney's fees being paid to plaintiff's law firm, but there is no declaration or other evidence submitted regarding the number of hours billed or the reasonableness of the hourly rate charged.  In their supplemental submission on this issue, the parties should include such a declaration, and be mindful that in reviewing their submission the Court will consider the 12 factors enumerated in Barber v. Kimberly's Inc., 577 F.2d 216, 226 n. 28 (4th Cir. 1978), that guide courts in the Fourth Circuit as they consider the reasonableness of fees.

The Court acknowledges the joint representation that the settlement of the claims of these three claimants was achieved with the assistance of a judge as part of mediation.  However, a mediating judge facilitates the parties' resolution of their dispute and does not make judgment as to the fairness or reasonableness of their settlement.

For all of these reasons above, the motion is denied, with leave to file an amended and supplemental motion within 14 days of this order.

Despite the informal nature of this letter, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

    Sincerely yours,

    /s/

    Susan K. Gauvey
    United States Magistrate Judge