IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH AMRHEIN, et al.,    *

    Plaintiffs    *

    v.    *    CIVIL NO. SKG-13-1114

REGENCY MANAGEMENT SERVICES,    *
LLC, et al.,
        *
    Defendants.
        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

Now pending before the Court is the parties' Third Amended Joint Motion for Order Approving Settlement (ECF No. 74). Having considered the parties' Third Amended Joint Motion, and for the reasons discussed herein, the Court hereby GRANTS the parties' request for approval of the settlement of the claims of Matthew Jamison, Aaron Leventhal, and Herb Moran.[1]

When considering FLSA settlement agreements, district courts in the Fourth Circuit generally follow the reasoning in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). Saman v. LBDP, Inc., No. DKC 12-1083, 2013 WL

---

[1] By Order dated April 21, 2014, the Court granted the Second Amended Joint Motion for Order Approving Settlement (ECF No. 65-1) as to Matthew Jamison and held the motion sub curia as to Herb Moran and Aaron Leventhal, for submission of additional explanation as to the reasonableness of the settlement amount, in light of their claimed damages. (ECF No. 69). By their present motion, the parties have supplied the requested supplemental information and explanation as to the settlement terms of Herb Moran and Aaron Leventhal.

1

2949047 (D. Md. June 13, 2013). There, the court found that an FLSA settlement should generally be approved if it reflects a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at   As such, parties requesting approval of a proposed settlement must "provide enough information for the court to examine the bonafides of the dispute." Kianpour v. Rest. Zone, Inc., No. DKC 11-0802, 2011 WL 5375082, at *2 (D. Md. Nov. 4, 2011). Here, the parties' Third Amended Motion has supplied the Court with enough information to examine the bonafides of the dispute between the parties. As such, the Court hereby approves the parties' agreed to settlement in the following amounts:

    Matthew Jameson —— $6,000.00

    Herb Moran —— $3,000.00

    Aaron Leventhal —— $7,000.00

Next, 29 U.S.C. § 216(b) expressly provides that "in addition to any judgment awarded to the plaintiff or plaintiffs," the Court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Of course, in the context of a settlement, judgment is not entered on behalf of the plaintiff or plaintiffs. Yet, "it would make little sense to require the amount of the fees awarded to be reasonable where the plaintiffs prevail on the merits, but to abandon that requirement altogether where the parties agree to

settle the case." Kianpour, 2011 WL 5375082, at *3. Accordingly, when considering a proposed fee award, "the reasonableness of the fee award proposed in an FLSA settlement must be independently assessed, regardless of whether there is any suggestion that a "conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id. (citations omitted). In doing so, the Court utilizes the traditional lodestar method: multiplying the number of hours reasonably expended by reasonable hourly rate and considering the Barber v. Kimbrell factors. Id. at *3 (citing Robinson v. Equifax Info. Serv., LLC, 560 F.3d 235, 243 (4th Cir. 2009)). Plaintiffs' counsel has provided the Court with sufficient information to assess the reasonableness of the hours expended and hourly rates charged by each individual Plaintiffs' attorney. As such, the Court further ORDERS that pursuant to the settlement agreement, Plaintiffs' counsel will receive $6,000.00 in attorneys' fees and costs.

It is so ORDERED.


Date: __5/06/2014__             _____/s/_____
                                Susan K. Gauvey
                                United States Magistrate Judge